IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:13-CV-136-BO

| | |
|---|---|
| TOTAL QUALITY LOGISTICS, LLC, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| FRYE TRUCKING, LLC, | ) |
| Defendant. | ) |

This matter is before the Court on defendant's motion for summary judgment [DE 17]. The motion is now ripe for adjudication. For the reasons stated herein, the defendant's motion for summary judgment is DENIED and summary judgment is GRANTED in favor of the plaintiff.

## BACKGROUND

This matter arises from a dispute over the interstate delivery of fruit to plaintiff's customer's facility. Plaintiff sued defendant in state court in North Carolina, claiming defendant negligently transported the fruit. Defendant removed the case to this Court based on plaintiff's claims that the damages exceeded $10,000 and the interstate nature of the delivery. Defendant filed a motion for summary judgment on October 15, 2013. On December 23, 2013, this Court filed an order which notified the parties that the Court was considering granting summary judgment in favor of the non-moving plaintiff [DE 31]. The order provided defendant ten days to file a brief objecting to a grant of summary judgment in favor of the plaintiff and provided plaintiff seven days after that to file a response brief.

Plaintiff hired defendant to transport fruit to plaintiff's customer's facility in Georgia. Defendant's driver picked up the fruit in New Jersey and Pennsylvania and transported the fruit to Georgia over a period of three days. The driver received bills of lading for the fruit when he picked them up and, after delivery, he received the three bills of lading after they were stamped as approved by the customer. Each bill of lading has a stamp and notation from the customer that shows all cases were received, no cases were damaged, no cases were rejected, and lists the pulp temperature of the fruit upon arrival. After the driver had left the customer's premises, the customer noticed that the fruit was not in good condition and requested an inspection by the USDA. The USDA prepared three reports on March 2, 2012, the delivery date, which stated that the fruit was spoiled and evidenced decay and other issues. Plaintiff then unsuccessfully tried to salvage the shipment of fruit, but it was determined that the fruit was in too poor of a condition to salvage. Plaintiff filed a claim with defendant on March 13, 2012. Defendant's insurance company denied an insurance claim filed for the lost fruit product and plaintiff filed this suit.

## DISCUSSION

A motion for summary judgment cannot be granted unless there are no genuine issues of material fact for trial. FED. R. CIV. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The moving party must demonstrate the lack of genuine issue of fact for trial and if that burden is met, the party opposing the motion must "go beyond the pleadings" and come forward with evidence of a genuine factual dispute. *Celotex*, 477 U.S. at 324. The Court must view the facts and the inferences drawn from the facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986). Conclusory allegations are insufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) ("[T]he mere existence of *some* alleged factual dispute between

the parties will not defeat an otherwise properly supported motion for summary judgment.") (emphasis in original).

The parties agree that plaintiff's claim is governed by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, *et seq*. The Carmack Amendment provides that a shipper's prima facie case for recovery against a carrier is established by showing: (1) that goods were delivered to the carrier in good condition; (2) that the shipment arrived at its destination in damaged condition; and (3) the amount of actual losses. *Mo. Pac. R.R. Co. v. Elmore & Stahl*, 377 U.S. 134, 138 (1964). "[A] motor carrier is liable to the shipper for damage to the goods occurring during transport without regard to the motor carrier's negligence." *Rush Indus., Ind. v. MWP Contractors, LLC*, 2012 U.S. Dist. LEXIS 170758 *22 (M.D.N.C. Nov. 30, 2012).

Defendant previously conceded that plaintiff can satisfy the first element of a Carmack Amendment claim and only took issue with plaintiff's ability to satisfy the second element.[1] [DE 19 at 5]. Defendant relies exclusively on the following facts. The driver delivered the fruit and plaintiff's customer stamped and signed the bills of lading after testing the temperature of the fruit and then returned the bills of lading to the defendant's driver. Defendant argues that plaintiff's customer provided clean bills of lading showing receipt of undamaged goods from defendant which defeats plaintiff's claim that the goods arrived damaged. The Court disagrees.

The circumstances presented in this case are largely analogous to those presented in *Great Am. Ins. Co. v. USF Holland, Inc.* 937 F. sup. 2d 376 (S.D.N.Y. 2013). There, as here,

---

[1] After the Court provided notice to defendant that it was considering a grant of summary judgment in favor of the non-moving plaintiff, defendant claimed in its opposition briefing that plaintiff no longer met the first element of a Carmack Amendment claim on the grounds that clean bills of lading singed by the driver upon picking up the product are not sufficient to establish the delivery of goods in good condition. *Great Am. Ins. Co. v. USF Holland, Inc.* 937 F. Supp. 2d 376, 384 (S.D.N.Y. 2013). However, here, even ignoring defendant's prior concession, the Court finds that plaintiff has provided sufficient additional evidence to establish the initial contents and condition of the cargo through its sworn affidavit of Mr. Bostwick [DE 22] and the terms of the Broker/Carrier Agreement [DE 28 and 29] which unequivocally state that it was the carrier's duty to take a pulp temperature reading prior to the loading of the product and to reject the product if the temperature varies by more than two degrees from the temperature listed on the rate confirmation [DE 23]. *See USF Holland*, 937 F. Supp. 2d. at 384.

3

defendant carrier delivered goods and received clean bills of lading and then the recipient of the goods conducted a thorough inspection of the goods shortly after the delivery driver departed. The inspection revealed damaged goods that were unsalvageable. The court in *USF Holland* granted summary judgment in favor of plaintiffs because a "clean delivery receipt merely establishes a presumption of good condition and is subject to rebuttal by evidence of damage," and the court found that the plaintiff proffered sufficient rebuttal evidence. *Id.* at 386. Here, plaintiff also offers sufficient rebuttal evidence to defeat the presumption. First plaintiff is armed with the USDA inspection reports [DE 26] that were requested an hour after defendant's driver left the plaintiff's customer's facility. The USDA reports showed that all of the shipment failed to grade according to USDA standards, that the inspection was requested at 8:10 a.m., the inspections were initiated at the same time, and that the inspections were completed at 10:09 a.m. [DE 26]. Plaintiff further offers evidence of the likely cause of the damage to the fruit, the temperature tale for the load. A temperature tale is a device that records the temperature of the product during transportation. [DE 22 ¶ 14]. The temperature tale here reveals that during the transit period, the temperature was always above 39 degrees and fluctuated between 39 and 52 degrees and even reached 70 degrees. [DE 22 ¶ 16; DE 24]. The rate confirmation shows that the product was to be kept at a continuous temperature of 36 degrees. [DE 23]. "Given the evidence of shipment in good condition, evidence of inspection shortly after arrival in damaged condition is enough [to rebut the presumption]." *USF Holland*, 937 F. Supp. 2d at 386. Further defendant has not disputed the temperature tale and offers no evidence that places its veracity in question. It is clear to this Court that plaintiff has successfully established that it meets the second element of its Carmack Amendment claim.

Finally, the damages plaintiff suffered are undisputed and evidence of the amount has been offered. It has shown that the goods were not salvageable and that an insurance claim was denied. Plaintiff is therefore entitled to a finding of both liability and damages.

Accordingly, the Court grants summary judgment for plaintiff and awards plaintiff the amount of $11,925.00 plus prejudgment interest at the prime rate compounded quarterly from August 22, 2012 and the costs of this action against defendant Fyre Trucking, LLC.

## CONCLUSION

For the foregoing reasons, the defendant's motion for summary judgment is DENIED and summary judgment is GRANTED in favor of the plaintiff. Plaintiff is AWARDED the amount of $11,925.00 plus prejudgment interest at the prime rate compounded quarterly from August 22, 2012 and the costs of this action against defendant Fyre Trucking, LLC. Attorney's fees are NOT AWARDED. The clerk is directed to enter judgment accordingly and to close the file.

SO ORDERED.

This the 2 day of February, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE